**Charles MASON and Leonard Gray, Appellants,**

v.

**Jim "Pop" MALONE, Jefferson County Board of Elections, Jefferson County Democratic Party, Jefferson County Executive Committee and Ben Handy, Appellees.**

**No. 88–CA–1063–MR.**

Court of Appeals of Kentucky.

June 3, 1988.

V. Jeffery Alston, Michael T. Alexander, Alston & Alexander, Louisville, for appellants.

Peter L. Ostermiller, Stallings & Stallings, Michael E. Conliffe, Co. Atty., Walker C. Cunningham, Jr., Asst. Co. Atty., Louisville, for Malone and Jefferson Co. Bd. of Elections.

Sean R. Delahanty, Louisville, for Jefferson Co. Democratic Party and Executive Committee.

Before HOWERTON, C.J., and CLAYTON and DYCHE, JJ.

HOWERTON, Chief Judge.

Charles Mason and Leonard Gray have brought this action, pursuant to KRS 118.-176(4), seeking to set aside an order of the Jefferson Circuit Court holding that the name of the appellant, Charles Mason, may not be removed or obliterated from the ballot in a primary election. Applying KRS 118.212, the circuit court concluded that Mason's name may not be removed or obliterated because his declaration of withdrawal from the contest was not filed until after the ballots had been printed. We affirm.

The primary election discussed herein occurred on May 24, 1988. Because this matter was not filed in the Court of Appeals until May 17, 1988, a properly drawn opinion could not be prepared prior to the holding of the primary. For that reason, we entered an order on May 19, 1988, affirming the decision of the circuit court and stating that our opinion would follow.

There is no factual dispute in this case. The appellants, Mason and Gray, and the appellee, Handy, are all candidates for the democratic nomination to the office of State Representative for the 42nd Legislative District in Jefferson County. All three candidates filed proper notification and dec-

laration for the purpose of having their names put on the ballot for the primary to be conducted May 24, 1988. All three candidates were timely certified by the Secretary of State. The names of all three were printed on the ballot to be used in the precincts making up the 42nd Legislative District.

After the ballots had been printed, Mason notified the Secretary of State that he was withdrawing from the race. Subsequently, the appellant, Gray, requested the Jefferson County Clerk to remove Mason's name from the ballot. When the county clerk declined to do so, Mason and Gray initiated this action under KRS 118.176.

The circuit court applied KRS 118.212 and determined that Mason's withdrawal from the race came too late to have his name removed from the ballot. The circuit court resisted the appellants' request to expand upon the statutory procedure, since the statute did not specifically address an effort by a candidate to withdraw after the ballots had been printed.

We find the circuit court opinion entered May 13, 1988, to be correct in all respects. As amended in 1986, KRS 118.212 provides that if a candidate dies or files a declaration of withdrawal prior to the time the candidate is certified by the Secretary of State, then the Secretary of State will not certify that candidate. Further, if a candidate dies or files a declaration of withdrawal before the ballots are printed, then that candidate's name will not be printed on the ballot, even though his name may have been certified by the Secretary of State. Finally, subsection (4) of the statute provides that if a candidate dies after the ballots are printed, then the county clerk is required to obliterate or block out the candidate's name from the ballot.

KRS 118.212 does not provide any mechanism for a candidate to have his name stricken from the ballot after those ballots have been printed. There is a valid reason for the legislature's failure to provide such a procedure. In this case, the circuit court found that it would cost approximately $7,000.00 to reprint the ballots and to reprogram the electronic voting machines.

Wisely, the legislature has decided that a candidate is not permitted to impose this cost upon the county by withdrawing from a political race at the last moment.

The appellants' assertion that KRS 118.-176 provides such a procedure is simply unfounded. That statute provides a mechanism whereby a candidate's qualifications to seek office may be challenged by a voter or an opposing candidate. The statute simply does not touch the situation where a candidate has chosen to withdraw from a political race.

The appellants cite Attorney General's Opinion No. 76–622 in support of their contention that a court can order the removal of Mason's name from the ballot at this point. However, that reliance is misplaced. The opinion merely gives a general reference to the county clerk's obligation to comply with any court order and cannot be read as providing support for the procedure that the appellants wish to undertake. Here, the circuit court correctly refrained from ordering the clerk to remove Mason's name from the ballots.

The appellant, Mason, has simply waited too late to utilize the statutory process for having his name removed from the ballot for the primary election. The specificity with which KRS 118.212 was redrafted in 1986 makes it clear that the legislature has made a considered decision not to impose the cost of reprinting ballots and resetting voting machines upon counties merely because a candidate decides, at the last moment, to withdraw. The circuit court could not redraft the statute, and neither can this Court.

The appellants' motion for review under KRS 118.176 having been denied by our order entered May 19, 1988, the judgment of the circuit court is affirmed.

All concur.